### LICENSING OF VEHICLES.

Circuit Court of Franklin County.

LEWIS L. PEGG ET AL v. CITY OF COLUMBUS; J. F. LINTON v. CITY OF COLUMBUS; AND COLUMBUS v. BADGER, MAYOR.*

Decided, March, 1907.

*Municipal Corporations—Use of Streets—Regulation of, by Vehicle Licenses—Exemptions from Payment—Can not be Based on Non-Residence—Ordinance—Constitutionality of—Uniformity of Operation—Injunction.*

The term "use" in an ordinance regulating the use of vehicles on the streets of a municipality and requiring payment of certain license fees therefor, has reference to continued or repeated use; and the ordinance applies to all who use the streets with the vehicles described whether residents or non-residents of the municipality.

WILSON, J.; DUSTIN, J., and SULLIVAN, J., concur.

---

* Affirming in part *Pegg* v. *Columbus*, 5 N. P.—N. S., 436, which see for a full statement of the issues.

The ordinance in question, No. 21927, is "to license and regulate the use of the streets of the city of Columbus, state of Ohio, by persons who use vehicles thereon," etc. Bearing in mind the definition of "use" as a continued and repeated practice, we are of the opinion that the ordinance applies to those who, in the above sense, use the vehicles described. This construction would apply to non-residents as well as residents, and must be settled in each case according to the facts.

The other questions are disposed of as we think in the case of *Marmet* v. *The State*, 45 Ohio State, 63.

As the above construction will not give a common relief to all the plaintiffs in *Pegg* v. *Columbus*, the decree in that case as in the others must be for the defendants.

*M. E. Thrailkill*, for Lewis L. Pegg et al.

*Paul Jones*, for city of Columbus.

*J. A. Godown*, for J. F. Linton.

*G. S. Marshall, C. E. Carter* and *E. L. Weinland*, City Solicitors, for defendants.